J-S93027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VINCENT D. SPENCER | |
| Appellant | No. 446 EDA 2016 |

Appeal from the PCRA Order dated January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0722561-1986

BEFORE: DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED FEBRUARY 23, 2017**

Appellant, Vincent D. Spencer, appeals from the order dismissing his fourth Post Conviction Relief Act ("PCRA")[1] petition as untimely. Appellant contends that although he was thirty-one years old when he committed second-degree murder (among other crimes), he is entitled to relief under ***Miller v. Alabama***, 132 S. Ct. 2455 (June 25, 2012) (prohibiting juveniles from being sentenced to life without parole), and ***Montgomery v. Louisiana***, 136 S. Ct. 718 (Jan. 25, 2016) (holding that ***Miller*** applies retroactively). He also contends all prior trial, direct appeal, and PCRA counsel were ineffective. We affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

We repeat the facts and procedural history that were set forth by this Court in resolving Appellant's first PCRA petition, which was filed on February 24, 1992:

> On February 3, 1988, appellant was convicted by a jury of second degree murder, robbery, burglary, and possessing an instrument of crime. Sandra Palmer Mitchell, the victim's girlfriend, was an eye witness to the crime and testified as follows. On June 15, 1986, the victim, Charles Miller, had two arguments with a man whose nickname was Jingles. The arguments transpired just outside Mr. Miller's apartment. Ms. Mitchell did not see Jingles during the arguments but heard his voice. Shortly thereafter, appellant broke into Miller's apartment, confronted the victim, and demanded money. Ms. Mitchell immediately recognized appellant's voice as that of the individual who had argued with Mr. Miller earlier. Mr. Miller struggled with appellant and was shot to death. Ms. Mitchell was shown a photographic array containing appellant's picture and immediately identified him as the assailant.
>
> Following the trial, appellant was sentenced to life imprisonment [on February 3, 1988]. We affirmed on direct appeal, *Commonwealth v. Spencer*, 397 Pa. Super. 647, 571 A.2d 506 (1989), and the Supreme Court denied further review. *Commonwealth v. Spencer*, 525 Pa. 645, 581 A.2d 571 (1990).

*Commonwealth v. Spencer*, No. 1442 Philadelphia 1994, at 1-2 (Pa. Super., Mar. 10, 1995). This Court ultimately denied Appellant relief on his claims that, among other things, counsel was ineffective by preventing him from testifying at trial and failing to present the testimony of alibi witnesses. *Id.* at 2-3.

Appellant filed his second PCRA petition on January 8, 1997, which the PCRA court dismissed as untimely.[2] This Court affirmed the dismissal on July 16, 1998. ***Commonwealth v. Spencer***, No. 2708 Philadelphia 1997 (Pa. Super., July 16, 1998), *allocatur denied*, 416 E.D. Alloc. 1998, 1999 WL 165709 (Pa., Mar. 26, 1999).

The PCRA court docketed Appellant's third PCRA petition on April 25, 2007. The PCRA court, on October 16, 2008, dismissed this petition as untimely. Appellant did not appeal.

On August 13, 2012, Appellant filed this *pro se* PCRA petition, his fourth. On November 17, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss.[3] Appellant did not file a response, and the PCRA court dismissed the petition as untimely on January 15, 2016.[4] On February 7, 2016, Appellant filed a counseled notice of appeal, and the PCRA court did not issue a Pa.R.A.P. 1925(b) order.

_____

[2] "The 1995 PCRA amendments provided for a 'transitional, statutory grace period' of one year, applicable to **first** petitions in cases where the judgment of sentence became final before the January 16, 1996 effective date of the 1995 amendments. Thus, in such an instance, a PCRA petition is timely if it was filed no later than January 16, 1997." ***Commonwealth v. Robinson***, 837 A.2d 1157, 1158 n.3 (Pa. 2003) (citation omitted and emphasis added).

[3] The record does not reveal the reason for the considerable delay in disposition.

[4] As discussed below, ***Montgomery v. Louisiana*** was issued by the U.S. Supreme Court on January 25, 2016, between the PCRA court's dismissal and the date Appellant filed his notice of appeal.

Appellant raises two issues:

Whether the trial court erred in denying appellant's PCRA petition where he indicated that he was entitled to relief pursuant to the rulings in the United States Supreme Court cases of *Miller v. Alabama* and *Montgomery v. Louisiana.*

Whether all counsel, trial, direct appeal and PCRA were ineffective and whether appellant can obtain relief from such ineffectiveness where although the instant Petition was filed outside the one year time limitation, the Holding in *McQuiggin v. Perkins* and *Martinez v. Ryan* would apply to his case where his PCRA Petition was pending when *McQuiggin* was decided and the trial court did not file a 1925(b) order.

Appellant's Brief at 11.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super.) (*en banc*) (citation omitted), *appeal denied*, 839 A.2d 352 (Pa., Dec. 1, 2003).

On appeal, Appellant contends that although he was thirty-one when he committed the crimes in question, *Miller*, which was held by *Montgomery* to be retroactively applicable to cases on collateral review, should apply to his case. He attacks the mandatory nature of a life-without-parole sentence for second-degree murder and posits that the mental age of the defendant should govern whether a life sentence should be imposed. His argument, we hold, even if preserved, lacks merit.

As our Supreme Court has explained:

- 4 -

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. We have also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e] Court will consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 477-78 (Pa. 2003) (citations omitted).

A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (some citations and footnote omitted). The three exceptions to the general one-year time limitation are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Instantly, Appellant filed his petition on August 13, 2012, within sixty days of the *Miller* decision, but over three years prior to the *Montgomery* decision. And the PCRA court dismissed Appellant's petition on January 15, 2016, just ten days before the Supreme Court decided *Montgomery*. Thus, neither Appellant nor the PCRA court could have known of, let alone addressed, the import of *Montgomery*.

We need not quibble with whether Appellant's argument has been preserved, however, because neither *Miller* nor *Montgomery* apply to Appellant. The only exception to the time-bar in Section 9545(b) that could be applicable here is Section 9545(b)(1)(iii), relating to assertion of a newly-recognized constitutional right — namely, the right of a juvenile under *Miller* not to be sentenced to life without parole. Appellant does not qualify for application of that right because he was not a juvenile when he committed the murder; rather, he was thirty-one years old. *See Miller*, 132 S. Ct. at 2460 (holding only that mandatory life without parole sentences for individuals **under eighteen** at the time of their crimes are unconstitutional); *Commonwealth v. Furgess*, 149 A.3d 90, 93 (Pa. Super. 2016) (non-juvenile petitioners "at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)"). Appellant's exhortations that the holdings of *Miller* and *Montgomery* should be construed to include adult defendants who were

under the mental age of eighteen when they committed the offenses at issue lack support — nothing in those decisions provides that they may be applied to a person physically eighteen years or older who has a "mental age" of less than eighteen.

Appellant also attempts to invoke a timeliness exception based on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (May 28, 2013), and *Martinez v. Ryan*, 132 S. Ct. 1309 (Mar. 20, 2012). Initially, Appellant failed to invoke *McQuiggin* or *Martinez* in his petition. Indeed, Appellant filed his petition on August 13, 2012, well before *McQuiggin* was issued. Thus, Appellant cannot raise either for the first time on appeal. *See generally* Pa.R.A.P. 302. Regardless, both *McQuiggin* and *Martinez* are inapposite.

In *McQuiggin*, "the United States Supreme Court held that petitioners who assert a convincing actual innocence claim may thereby invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations." *Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (summarizing *McQuiggin*, *supra*). This Court in *Brown* explained, however, that federal "decisions pertaining to federal *habeas corpus* law[, such as *McQuiggin*, are] **irrelevant** to our construction of the timeliness provisions set forth in the PCRA." *Id.* at 420-21 (emphasis added).

In *Commonwealth v. Robinson*, 139 A.3d 178 (Pa. 2016), our Supreme Court addressed the import of *Martinez*. In *Martinez*, "the High

Court altered the federal law of procedural default to allow post-conviction petitioners to have their waived claims of trial counsel ineffectiveness reviewed in federal habeas corpus proceedings where post-conviction counsel never raised such claims." *Robinson*, 139 A.3d at 183 (footnote omitted) (summarizing holdings of *Martinez*, *supra*, and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013)). The defendant in *Robinson* urged the Court to permit him to challenge counsel's effectiveness "for the first time in an otherwise untimely filed PCRA petition," *Robinson*, 139 A.3d at 184, by creating an equitable exception to the PCRA's timeliness requirements. The Supreme Court declined, reasoning, *inter alia*, that the defendant's

> proposed change in procedure would be in direct contravention of the legislatively created time-bar of the PCRA and the limited statutory exceptions provided therein. This Court has no authority to carve out equitable exceptions to statutory provisions and the federal jurisprudence cited by [the defendant] neither requires nor authorizes our doing so.

*Id.* at 187. Thus, Pennsylvania courts have declined to construe *McQuiggin* and *Martinez* as creating additional exceptions to the PCRA's timeliness requirements. Because the PCRA court did not err in concluding that Appellant failed to plead and prove any of the exceptions to the PCRA's timeliness requirements, it properly dismissed Appellant's petition and did not have to address his ineffectiveness claims. *See Wilson*, 824 A.3d at 833. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/2017